## 9171

### RODDEY AUTOMOBILE CO. v. KEENAN.

#### (86 S. E. 23.)

APPEAL AND ERROR. CONSTRUCTION OF PLEADINGS.

1. BILLS AND NOTES—ANSWER—WANT OR FAILURE OF CONSIDERATION.— The defense of "failure of consideration" is pleaded by an answer alleging that the note sued on was "without consideration, in that," and then setting up the facts relied on; they making a "failure of consideration."

2. APPEAL AND ERROR — GROUNDS FOR REVERSAL — MISSTATEMENT OF ISSUES.—The misstatement of issues in the charge, that is not reversible error, is one arising from inadvertence or a single misapprehension of the questions involved, and does not include an erroneous construction of a pleading, deliberately made, without misapprehension of the contention of the parties.

3. TRIAL—VERDICT—CONFORMITY TO RULING.—The verdict for plaintiff on an account is not contrary to the ruling of the Judge; he, though expressing dissatisfaction at the method of proving it, submitting to the jury the question of the amount due on it.

4. ACCOUNT STATED—EVIDENCE.—Where a statement of account was submitted to defendant, and referred by him to his son for approval or disapproval, and was marked O. K. by the latter, the question as to the amount due thereon was properly submitted to the jury.

Before HON. W. A. HOLMAN, special Judge, Columbia, June, 1914. Modified and new trial granted.

Action by Roddey Automobile Company against R. C. Keenan. From judgment for plaintiff, defendant appeals.

*Messrs. Logan & Graydon,* for appellant, cite: *As to plea of failure of consideration:* 37 S. C. 7; 40 S. C. 110; 43 S. C. 257; 1 N. & McC. 312; 12 Rich. 46; 74 S. C. 206; *Ib.* 210; 87 S. C. 99; 72 Ga. 66.

*Messrs. Nelson & Gettys,* for respondent, cite: *Plea:* 40 S. C. 110; 35 Cyc. 539; 1 N. & McC. 312; 74 S. C. 202; 43 S. C. 257. *Mere misstatement of issues:* 95 S. C. 101; 96 S. C. 81.

August 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action is a suit on a note and also on open account. The note was given as part payment for an automobile.

There are six exceptions, but they raise practically two questions.

The first question is:

Did the trial Judge err in charging the jury that the answer set up want of consideration, and that if 1, 2 there was any consideration the plaintiff was entitled to recover the full amount of the note with interest, and that a partial failure of consideration was not a defense?

The answer contains the following defense:

"Answering paragraph 3 of said complaint this defendant admits that he executed and delivered to plaintiff the note referred to in said paragraph; that said note is and was without consideration in that it was given as a part of the purchase price of a certain Buick automobile which was sold to defendant by plaintiff upon a guarantee that same was a new machine, was in perfect condition and that same would be kept in perfect repair by plaintiff for one year without cost to defendant; that previously to the time this said note' was given the engine of said automobile was found to be defective and unfit for use, and in addition thereto other portions of said automobile were also defective; that when said note was executed plaintiff agreed to replace said engine and repair other portions thereof so as to put same in perfect condition, all of which plaintiff has failed and refused to do; that the said machine so sold to defendant as new had been previously used by plaintiff as a demonstration car and had thereby been impaired and damaged; and that said automobile, for which said note was given as a part consideration therefor, became so defective in its engine and other parts thereof that same in a few months after being pur-

chased by defendant became unsafe and unsuitable for service and has remained so until the present time."

The answer says the note was "without consideration in that," and then proceeds to set up the facts upon which he relied and those facts made a *failure of consideration* and not *a want of consideration.* His Honor erred in confining the defense to a "want of consideration." It is claimed by the respondent that the error, if any, was in the statement of the issues. The misstatement of issues that is not reversible error, is one that arises from inadvertence or a simple misapprehension of the questions involved.

In that case all that is necessary to prevent the error is a word from appellant to the presiding Judge. In this case there was no misapprehension of the contention of the parties. It was a construction of a pleading deliberately made and being erroneous, is reversible.

The second assignment of error is in allowing the jury to find a verdict for the plaintiff on the open account, after the presiding Judge had ruled that the account had not been properly proved.

3, 4

It is true the presiding Judge did express dissatisfaction with the method of proving the account, but there was evidence that the statement of account offered in evidence had been submitted to the defendant, and the defendant had referred the plaintiff to his son for an approval or disapproval of the account, and that very statement contained an O. K. by the son. The statement was in evidence and his Honor submitted the question as to the amount due on the account to the jury. It can not be said that the verdict was contrary to the ruling of the Judge.

A new trial is ordered as to the first cause of action. The judgment as to the second cause of action is affirmed.